

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 18, 1962

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-1452

Re: Whether a board of trustees
of a school district which
teaches only elementary grades,
retain any rights to control
or protest and the county
school board has the authority
to cancel applications for
transfer of resident pupils
who have attained high school
status.

Dear Mr. Edgar:

Enclosed in your letter of September 20, 1962, is a
copy of a ruling by your office, rendered on July 11, 1962, which
holds that a resident school district that does not teach high
school grades, is legally ineligible to invoke by protest or other-
wise the jurisdiction of the county school board to annul or can-
cel parental applications for transfer of resident high school
scholastics to a school district teaching high school grades.

Article 2696, Vernon's Civil Statutes, reads in part:

"Any child lawfully enrolled in any district
or independent district may by order of the county
superintendent, approved in writing, be transferred
to the enrollment of any other district or indepen-
dent district in the same county upon a written ap-
plication of the parent or guardian or person having
lawful control of such child, filed with the county
superintendent, not later than June 1; provided that
any district or independent district being dissatis-
fied with any transfers made by approval in writing
of the county superintendent may appeal from such
action to the county board of trustees of said
county who shall have the right to annul and can-
cel the transfer allowed by the county superintendent.

"The applicant shall state in said application
that it is his bona fide intention to send said child
to the school to which the transfer is asked.

". . ."

Article 2697, Vernon's Civil Statutes, reads:

"Any child specified in the preceding article, and its portion of the school fund, may be transferred to an adjoining district in another county, in the manner provided in said article. It must be shown to the county superintendent that the school in the district in which such child resides on account of distance or some uncontrollable and dangerous obstacle, is inaccessible to such child."

Under Article 2696, supra, it is mandatory that the county superintendent approve an application for transfer when said application is properly and duly filed. Attorney General's Opinion O-1073 (1939) and O-1129 (1939). In addition the Article sets forth a procedure whereby approval of the transfer by the county superintendent may be appealed to the county board of trustees. The jurisdiction of the county board may be invoked by any school district or independent school district dissatisfied with such transfer and upon obtaining jurisdiction of the matter the board shall have the right to cancel or annul the transfer.

The provisions for appeal contained in Article 2696, supra, have been held to apply to Article 2697, supra, Attorney General's Opinion O-6548 (1945).

In Attorney General's Letter Opinions, Volume 382, p. 941 (1938) we find the following language:

". . .pupils whose grades are not taught at home are entitled to transfer to districts where their grades are taught, and such pupils will be under the supervision and control of the school district to which the pupils transfer.

". . .pupils whose grades are not taught in their home district may transfer to any high school of higher classification, under the language of this statute. It is our opinion that the local board of trustees has no authority to prescribe the district to which such pupils must transfer, this matter being within the discretion of the transferee."

We are of the opinion that under the holding in Attorney General's Letter Opinions, Volume 382, p. 941 (1938), a school

district which does not teach the high school grades, is not an interested or proper school district and has no standing to invoke the jurisdiction of the county board of trustees as provided in Articles 2696 and 2697, supra.

This is not to say that the county board of trustees may never exercise its discretionary power to cancel or annul tranfers, but simply means that before the power can be employed, protest must be lodged by a proper school district. In absence of jurisdiction being properly invoked, the cancellation by the county board of an application for transfer is a nullity.

Therefore, we are in full accord with your ruling of July 11, 1962.

### S U M M A R Y

A school district which does not teach the high school grades has no standing to invoke jurisdiction of the county board of trustees under the provisions of Articles 2696 and 2697, Vernon's Civil Statutes, to cancel or annul the transfer of one of its resi-dent scholastics to a school district which provides high school grades and in absence of proper juris-diction the cancellation of such transfer by the county board is a nullity.

Sincerely,

WILL WILSON
Attorney General of Texas

By: Ogden L. Bass, Jr.
Ogden L. Bass, Jr.
Assistant

OLB:mkh

APPROVED:
OPINION COMMITTEE

Howard W. Mays, Chairman
Paul Phy
L. P. Lollar
Sam Stone
Tom Peterson
REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore